The bill is filed to foreclose a mortgage made by the defendant, Joseph S. Naame Company, to the complainant on the 15th day of October, 1926, to secure the payment of the sum of $185,000 at any time within ten years from the date thereof (with the obligation of paying $5,000 on account at *Page 384 
the expiration of each and every year after the first year, together with interest thereon at the rate of six per cent. per annum, payable semi-annually).
"Both bond and mortgage contained an agreement that if at any time default should be made in the payment of interest for the space of thirty days after the semi-annual payment thereof should fall due, then the whole principal sum with all unpaid interest should, at the option of the mortgagee or its successors or assigns, become immediately due." Said mortgage contained the provision, inserted immediately after the description of the property and the recital of title, as follows:
"The parties hereto stipulate and agree that the installment of interest due under the terms of this mortgage on April 15th, 1927, be and the same is hereby extended until October 15th, 1927."
The defense made is that "no interest became due on said mortgage until October 15th, 1927, for the reason that by the terms of an agreement dated September 4th, 1926, between complainant and defendant, said agreement having been made prior to the execution of said bond and mortgage, said bond and mortgage was to contain a clause that the interest for the first year shall be paid at the expiration of the year instead of semi-annually as will appear by the averments in the counter-claim to follow."
This mortgage was a purchase-money mortgage and was given as part of the purchase of certain lands and premises purchased by the defendant of the complainant in accordance with terms of an agreement made on the 4th day of September, 1926.
The agreement provided for payment of "one hundred and eighty-five thousand dollars by the bond of the party of the second part, payable at any time within ten years from its date, with the obligation of paying five thousand dollars on account of principal at the expiration of each and every year after the first year, bearing interest at the rate of six per centum per annum, payable semi-annually, and containing the usual tax, municipal lien, interest, insurance and installment payment *Page 385 
clauses, secured by the purchase-money mortgage of the party of the second part, containing like provisions, reciting the said bond, and such special provisions as are hereinafter set forth, and a first and paramount lien on the land and premises above described."
Said agreement also included the following:
"In addition to the clauses above set forth, the bond and mortgage aforesaid shall provide that the interest for the first year shall be paid at the expiration of the year instead of semi-annually."
The stipulations which were filed on August 1st, 1928, were as follows:
"1. That the bond and mortgage mentioned in the complaint and offered in evidence are as set forth in complainant's bill.
"2. That subsequent to October 15th, 1927, complainant notified defendant of its election that the entire principal sum of the mortgage should fall due, by reason of the failure to pay six months' interest alleged to be due April 15th, 1927; but denied by defendant to be due on that date.
"3. On October 27th, 1927, after the last mentioned notice, the mortgagor tendered to complainant $11,125 for one year's interest on said mortgage from October 15th, 1926, to October 15th, 1927, amounting to $11,100, with $25 as interest on interest, which tender complainant refused.
"4. The assignee of the said mortgage joins in the prayer of complainant's bill.
"5. The agreement between the parties, identified by William M. Clevenger, is the original agreement for the making of this mortgage.
"6. Complainant reserves the right to object to the admissibility of said agreement and to the reformation of the bond and mortgage under foreclosure, upon such legal grounds as it may set forth in its brief.
"7. Paul M. Salsburg was the attorney for Joseph S. Naame Company, representing it in the making of the agreement and the bond and mortgage in controversy in this case.
"8. Should the court find for complainant, there is due on *Page 386 
said mortgage $185,000, with interest from October 15th, 1926.
"9. In the consideration of this cause, the testimony of William M. Clevenger, this stipulation and such part of the bill as is admitted by the answer, shall be considered by the court, subject to the complainant's objections to the admissibility of the agreement between the parties made prior to the mortgage."
There can be no question but that the agreement between the parties was that there should be a period of thirty days' grace after interest became due, and that no interest became due until October 15th, 1927.
It is unnecessary to determine whether the language used in the mortgage expresses this agreement or not. If it does not, it should be reformed. The language of the mortgage in the use of the word "until" does not express the agreement, and should be reformed in accordance therewith, and therefore no forfeiture arose as tender was made within the period of grace.
If defendant pays the amount of interest heretofore tendered, within ten days, the bill will be dismissed.